## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| TAMIKA STEVENSON, on behalf of herself and all other similarly situated individuals, | : : : | |
| Plaintiff, | : : | Case No.: |
| v. | : : | Judge: |
| WELLNESS RESIDENTIAL SERVICES LLC, | : : : | |
| | : | **JURY DEMANDED** |
| -&- | : : | |
| IDORENYIN FRED, | : : | |
| Defendants. | : | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Tamika Stevenson ("Plaintiff"), on behalf of herself and all current and former non-exempt employees (the "Putative Class Members") who worked for Wellness Residential Services LLC ("Defendant LLC") and Idorenyin Fred ("Defendant Fred") (collectively, "Defendants") at any time within the period of three (3) years preceding the commencement of this action through the date of judgment, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 203, 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b). Plaintiff also seeks all available relief under the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 *et seq.*, (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts"), O.R.C. § 4111.14(G), and O.R.C. § 2307.60.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA. 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I. JURISDICTION & VENUE

1. Plaintiff re-alleges, and incorporates by reference, the above paragraphs as if fully set forth herein.

2. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's Ohio state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiff's claims under the FLSA that they form part of the same controversy.

4. Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because Defendants' principal place of business is within Hamilton County, Ohio.

## II. PARTIES

5. Plaintiff Tamika Stevenson is an individual and resident of Ohio, residing at 1059 Loiska Lane, Cincinnati, Ohio 45224-2731. Plaintiff is currently employed by Defendants as a non-exempt employee and has been an employee of Defendants since approximately September 23, 2022. Plaintiff Stevenson's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit A**.

6. The Putative Class Members are those current and former employees employed by Defendant as non-exempt employees at any time within the period of three (3) years preceding the commencement of this action through the date of judgment and have been subjected to the same illegal pay practices and policies as Plaintiff.

7. Defendant Wellness Residential Services LLC ("Defendant LLC") is a for-profit organization registered in the State of Ohio and is currently headquartered at 155 Tri County Parkway, Suite 210, Cincinnati, Ohio 45246-3238. Process may be served upon its statutory agent, Idorenyin Fred, at 201 Ramblewood Drive, Apartment 2A, Fairfield, Ohio 45014.

8. Defendant Idorenyin Fred ("Defendant Fred") is, upon information and belief, the owner and manager of Defendant LLC and is an adult residing at 201 Ramblewood Drive, Apartment 2A, Fairfield, Ohio 45014. Process may be served upon him at his listed residential address.

### III. STATEMENT OF FACTS

9. Plaintiff re-alleges, and incorporates by reference, the above paragraphs as if fully set forth herein.

10. During all times material to this Complaint, Defendants acted directly or indirectly in the interest of a joint employer with respect to Plaintiff and the Putative Class Members.

11. During all times material to this Complaint, Defendants were a joint "employer" within the meaning of the FLSA, the Ohio Constitution, and the Ohio Acts.

12. During all times material to this Complaint, Defendants were a joint enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said joint enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

3

13. During all times material to this Complaint, Plaintiff and the Putative Class Members have been Defendants' employees pursuant to the Ohio Constitution and the Ohio Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

14. Defendants are in the business of utilizing its employees to provide care for (i) individuals in their own homes, (ii) individuals who are unable to take care of themselves and requiring nursing care, and (iii) a range of experiential treatments in the patients' homes within the area of Cincinnati, Ohio.

15. Generally (and per its Articles of Organization), Defendant LLC's business purpose is to provide health care and nursing services.

16. On September 23, 2022, Defendant Fred hired Plaintiff to work as a non-exempt employee for Defendants in Defendants' home health aide position. During all times material to this Complaint and upon information and belief, Defendant Fred has also maintained the ability to fire Defendants' non-exempt employees.

17. Upon her hire, Defendant Fred determined Plaintiff's pay rate and method of payment while also maintaining supervision and control over Plaintiff's work schedule.

18. In Defendants' non-exempt home health aide position, Plaintiff and the Putative Class Members must travel to the homes of Defendants' clients. There, Plaintiff and the Putative Class Members are expected to do the following for the clients: cook for them; do their laundry; groom them; bathe and dress them; toilet them; prepare their meals; manage their finances; assist with the physical taking of medications; and arrange medical care, among other services.

19. Plaintiff and the Putative Class Members spends more than twenty (20) percent of their workweek performing the above services for Defendants' clients.

20. Defendants directly jointly employ and pay Plaintiff and the Putative Class Members to provide caregiving and companionship services, not Defendants' clients.

21. The client for whom Plaintiff provides services for is her own mother, however Plaintiff was assigned to provide services for her mother by Defendants, as Plaintiff's mother is one of Defendants' clients.

22. As a non-exempt employee, Plaintiff is paid by Defendants at a rate of $12.00 per hour.

23. Plaintiff is scheduled to work seven (7) days per week and eight (8) hours per day.

24. Plaintiff and the Putative Class Members regularly work in excess of forty (40) hours in a workweek.

25. To record their time working for Defendants, Plaintiff and the Putative Class Members must fill out physical timesheets and drop them off at Defendants' place of business every two (2) weeks.

26. However, Plaintiff and the Putative Class Members are not compensated at the appropriate rate for all hours reported on their timesheets.

27. Despite regularly working in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members are not paid at the appropriate overtime rate (150% their regular rate) for their overtime hours worked.

28. Rather, it is Defendants' joint practice and policy to pay Plaintiff and the Putative Class Members at their regular hourly rates for *all* hours worked in a workweek, even those hours worked in excess of forty (40). This joint practice and policy results in Plaintiff and the Putative Class Members not being paid at the proper overtime rate for all their hours worked in excess of 40 in a workweek.

29. The services rendered by Plaintiff and the Putative Class Members at the direction of Defendants are an integral part of Defendants' joint business, as doing laundry, cooking, grooming, bathing and dressing the patients, toileting, preparing meals, administering medications, arranging medical care for patients, managing finances, as well as performing other housework for the patient's home all serve to further the pursuit of Defendants' business purpose of providing care for individuals who are unable to take care of themselves and require nursing care and a range of experiential treatments in the patients' homes.

30. Plaintiff and the Putative Class Members are not in business for themselves but are, rather, an integral part of Defendants' joint business operations.

31. Plaintiff and the Putative Class Members are economically dependent upon Defendants for all her work and for the payment of her living expenses.

32. At all times material to this Complaint, Plaintiff's and the Putative Class Members' payments are jointly controlled by Defendants.

33. As home health aides, Plaintiff and the Putative Class members are hourly, non-exempt employees of Defendants as defined by the FLSA and the Ohio Acts.

34. Upon information and belief, Plaintiff made numerous complaints to Defendant Fred regarding not being paid adequately for her hours worked. However, these complaints were to no avail.

35. In response, Defendant Fred maintained that because Plaintiff was not working eighty (80) hours in two (2) workweeks, she was not eligible to receive overtime.

36. However, Plaintiff often works between fifty (50) and sixty (60) hours per *workweek* for nearly her entire employment with Defendants, yet she has never been paid 150% of her regular rate for all hours she worked in excess of forty (40) in a workweek.

37. Plaintiff and the Putative Class Members routinely submit timely and detailed timesheets as required by Defendants.

38. During all times material to this Complaint, and upon information and belief, Plaintiff's and the Putative Class Members' timesheets, as well as their other employment records, have been maintained by Defendant Fred.

39. The unpaid work performed by Plaintiff and the Putative Class Members, both at their regular rate and the hours they worked in excess of forty (40) in a workweek that should have been paid at one and one-half times her regular rate, directly benefit Defendants by reducing the cost of labor for Defendants who willfully withhold compensation for that work from Plaintiff and the Putative Class Members.

40. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Putative Class Members suffered and continues to suffer a loss of income and federal and Ohio wage violations.

41. The FLSA and Ohio Wage Act requires Defendants to pay overtime compensation to its employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty (40). 29 U.S.C. §207; O.R.C. §4111.03, §4111.10.

42. Plaintiff and the Putative Class Members are not in a job classification and do not perform job duties which are exempt from the mandate under the FLSA, the Ohio Constitution, and/or the Ohio Wage Act to pay at least the minimum wage for all hours worked and/or overtime.

43. Defendants' violations of the FLSA and the Ohio Wage Acts are willful because Defendants do not have a good faith basis for the way they pay Plaintiff.

44. Defendants have failed to pay Plaintiff and the Putative Class Members the wages they are owed for more than thirty (30) days.

## IV. CAUSES OF ACTION

### COLLECTIVE ACTION ALLEGING FLSA VIOLATIONS

### A. FLSA COVERAGE

45. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

46. The FLSA Collective is defined as:

**All non-exempt employees who have been employed by Wellness Residential Services LLC and Idorenyin Fred at any time from three (3) years preceding the commencement of this action through the date of judgment (the "FLSA Collective").**

47. Plaintiff reserves the right to amend and refine the definition of the class she seeks to represent based upon further investigation and discovery.

48. At all times hereinafter mentioned, Defendants have been a joint enterprise within the meaning of Section 203(r) of the FLSA, 29 U.S.C. § 203(r).

49. At all times hereinafter mentioned, Defendants have been a joint enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that joint enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

50. During the respective periods of Plaintiff's and the FLSA Collective Members' employment by Defendants, these individuals have provided services for Defendants that involves interstate commerce for purposes of the FLSA.

51. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

52. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Defendants who assisted clients, wherever they were from. 29 U.S.C. § 203(j).

53. Indeed, Plaintiff and the FLSA Collective members also are (or were) employed by Defendants while providing care to Defendants' clients for beyond twenty percent (20%) of their total hours worked per person and per workweek, meaning they assisted the client with activities of daily living as well as with tasks that enable a person to live independently at home (instrumental activities).

54. At all times hereinafter mentioned, Plaintiff and the FLSA Collective members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

55. The proposed class of similarly situated employees, i.e., putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined above.

56. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

57. Collective action treatment of Plaintiff's and the FLSA Collective Members' claims is appropriate because Plaintiff and the FLSA Collective Members have been subjected to the

common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendants satisfied the FLSA's requirements for payment of the statutory overtime wages.

58. Further, Plaintiff's FLSA claims should proceed as a collective because Plaintiff and the Putative FLSA Collective Members, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

59. The Plaintiff and the FLSA Collective Members have been similarly affected by the violations of Defendants in workweeks during the relevant time period, which amount to a single decision, policy, or plan to avoid paying all earned overtime wages.

60. Plaintiff is similarly situated to the FLSA Collective Members and will prosecute this action vigorously on their behalf.

61. Plaintiff intends to send notice to all the FLSA Collective Members pursuant to Section 216(b) of the FLSA. The names and addresses of the FLSA Collective Members are available from Defendants' records.

## COUNT I
## FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME WAGES

62. Plaintiff re-alleges, and incorporates by reference, the above paragraphs as if fully set forth herein.

63. During all times material to this Complaint, Plaintiff and the FLSA Collective Members were "employees" of Defendants as defined by the FLSA, § 203(e)(1).

64. During all times material to this Complaint, Defendants were a joint "employer" of Plaintiff and the FLSA Collective Members within the meaning of 29 U.S.C. § 203(d).

65. Defendants, as described above, violated the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 207, by failing to pay Plaintiff and the FLSA Collective Members at the appropriate overtime rate for all hours worked in excess of forty (40) per workweek.

66. Plaintiff and the FLSA Collective Members were and are not exempt from receiving FLSA overtime benefits because inter alia, they are not "executive," "administrative," or "learned professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. § 541.1, *et seq*.

67. Plaintiff and the FLSA Collective Members should have been paid the correct overtime rate for all hours worked in excess of forty (40) hours per workweek during the three (3) years from the filing date of the Complaint.

68. At all times material to this Complaint, Defendants regularly jointly employed Plaintiff and the FLSA Collective Members to work more than forty (40) hours in a workweek.

69. At all times material to this Complaint, Plaintiff and the FLSA Collective Members did not receive 150% of their regular rate for all hours they worked in excess of forty (40) in a workweek as compensation at an hourly rate for all hours worked.

70. At all times material to this Complaint, Defendants violated the FLSA by repeatedly failing to compensate the Plaintiff and the FLSA Collective Members for all hours worked.

71. At all times material to this Complaint, Defendants violated the FLSA by repeatedly failing to pay Plaintiff and the FLSA Collective Members the legally mandated overtime premium at a rate no less than one and one-half Plaintiff's and the FLSA Collective Members' regular pay rates for all hours worked in excess of forty (40) worked in one workweek.

72. Defendants knew or should have known of the overtime payment requirements of the FLSA. Defendants willfully withheld and failed to pay the overtime compensation to which Plaintiff and the FLSA Collective Members are entitled.

73. Defendants willfully violated the FLSA by having engaged in conduct which demonstrates a willful and/or reckless disregard for the provisions of the FLSA.

## COUNT II
## OHIO WAGE ACT
## FAILURE TO PAY OVERTIME WAGES

74. Plaintiff re-alleges, and incorporates by reference, the above paragraphs as if fully set forth herein.

75. The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* R.C. § 4111, *et seq.*; *See also* 29 U.S.C. § 206(b).

76. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

77. At all times material to this Complaint, Defendants were a joint "employer" covered by the Ohio Wage Act and have been thus required to comply with its mandates.

78. At all times material to this Complaint, Plaintiff and all FLSA Collective Members who join this lawsuit in their individual capacity were a covered "employee" of Defendants' pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

79. At all times material to this Complaint, Defendants violated the Ohio Wage Act by repeatedly failing to compensate Plaintiff and all FLSA Collective Members who join this lawsuit

in their individual capacity for all hours worked, including Defendants' repeated action of refusing to compensate Plaintiff for both hours worked within a workweek and all hours worked over forty hours in one workweek at a rate not less than one and one-half times their regular rate.

80. At all times material to this Complaint, Plaintiff and all FLSA Collective Members who join this lawsuit in their individual capacity did not receive 150% of their regular rate for any hours she worked more than forty (40) in a workweek as compensation at an hourly rate for all hours worked.

81. At all times relevant to this Complaint, Defendants violated the Ohio Wage Act by repeatedly failing to pay the Plaintiff and all FLSA Collective Members who join this lawsuit in their individual capacity the legally mandated overtime premium at a rate no less than one and one-half their regular rate for all hours worked in excess of forty (40) worked in one workweek.

82. Plaintiff and all FLSA Collective Members who join this lawsuit in their individual capacity were not exempt from the wage protections of Ohio Law. During relevant times, the Plaintiff was not exempt from receiving overtime because they were not an "executive," "administrative," "professional," "outside sales" or "computer" employee, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *See also* C.F.R. § 541.0.

83. In violating the Ohio Wage Act, Defendants' acts and omissions have been of a willful, intentional, and bad faith nature of otherwise in reckless disregard of the Ohio Wage Act.

### COUNT III
### OHIO PROMPT PAY ACT
### FAILURE TO PROMPTLY PAY WAGES

84. Plaintiff re-alleges, and incorporates by reference, the above paragraphs as if fully set forth herein.

13

85. At all times material to this Complaint, Defendants were Plaintiff's and all FLSA Collective Members who join this lawsuit in their individual capacity joint "employer" and were required to comply with the Ohio Prompt Pay Act's provisions. *See* R.C. § 4113.15.

86. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* R.C. § 4113.15(A).

87. At all times material to this Complaint, Defendants have refused to pay Plaintiff's and all FLSA Collective Members' who join this lawsuit in their individual capacity wages for all hours worked and has refused to pay Plaintiff all owed overtime wages at one and one-half times her normal hourly rate, within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

88. Plaintiff's and all FLSA Collective Members' who join this lawsuit in their individual capacity wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

89. Defendants' violations of the OPPA have been of a willful, intentional, or bad faith nature or had otherwise exhibited a reckless disregard of the OPPA's provisions.

**COUNT IV**
**VIOLATIONS OF O.R.C. §4111.14(G)**
**FAILURE TO PROVIDE RECORDS AS TO WAGES AND HOURS WORKED**

90. Plaintiff re-alleges, and incorporates by reference, the above paragraphs as if fully set forth herein.

91. O.R.C. § 4111.14(G) requires employers to provide, at no charge, information at the request of an employee or person acting on behalf of an employee information including name,

address, occupation, pay rate, hours worked for each day worked, and each amount paid for the specific employee making such a request.

92. On February 21, 2023, Plaintiff requested such records through her attorneys.

93. The request was delivered to and received by Defendants on February 24, 2023.

94. Pursuant to the records request, a response to Plaintiff's request was due on or about March 23, 2023.

95. To date, Defendants have not provided records pursuant to the request under O.R.C. §4111.14(G).

## COUNT V
## CIVIL PENALTIES FOR CRIMINAL ACTS
## O.R.C. § 2307.60

96. Plaintiff re-alleges, and incorporates by reference, the above paragraphs as if fully set forth herein.

97. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

98. By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff has been injured as a result.

99. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

100. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter the following relief:

1. For an Order certifying the FLSA Collective as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

2. Declaring Plaintiff as representative for the Collective and designating Plaintiff's counsel as counsel for the Collective;

3. Issuing proper notice to the Collective at Defendants' expense;

4. Expectation and damages for all missed payments taken from or applied to Plaintiff's and the FLSA Collective Members' pay;

5. An order awarding Plaintiff and the FLSA Collective members back pay equal to the amount of all unpaid overtime for up to three (3) years preceding the filing of this Complaint to the present, plus an additional equal amount in liquidated damages;

6. Pursuant to O.R.C. §4111.14(J), an order awarding an amount set by the Court sufficient to compensate Plaintiff and deter future violations by the Defendants of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that violation continued;

7. Awarding Plaintiff and all FLSA Collective Members' who join this lawsuit in their individual capacity the sum of six 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the Ohio Prompt Pay Act, § 4113.15(A);

8. An Order enjoining Defendants from retaliating, via discrimination, against Plaintiff and the FLSA Collective Members for their engaging in the protected action of complaining about pay practices;

9. Compensatory and punitive damages under O.R.C. § 2307.60;

10. Pre-judgment and post-judgment interest;

11. An Order against Defendants pursuant to O.R.C. § 4111.14 for failure to produce records upon request;

12. An award of costs and expenses in this action, together with reasonable attorneys' fees and expert fess; and,

13. Any other relief to which Plaintiff and the FLSA Collective Members may be entitled.

Dated: May 12, 2023                    Respectfully Submitted,

**Barkan Meizlish DeRose Cox, LLP**

*/s/ Jacob A. Mikalov*
Jacob A. Mikalov (OH Bar No. 0102121)
Robert E. DeRose (OH Bar No. 0055214)
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
jmikalov@barkanmeizlish.com
bderose@barkanmeizlish.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by jury on all of her claims.

*/s/ Jacob A. Mikalov*
Jacob A. Mikalov